UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SAMUEL ANTHONY ACINELLI, JR., <br><br> Plaintiff, <br><br> v. <br><br> BLACKMON, et al., <br><br> Defendants. | No. ED CV 13-381-AB (PLA) <br><br> **ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

**I.**

**INTRODUCTION**

On August 24, 2015, the United States Magistrate Judge issued a Final Report and Recommendation ("Final Report and Recommendation" or "Final R&R"), recommending that defendants's Motion for Summary Judgment be granted. On September 8, 2015, plaintiff filed Objections to the Final R&R. ("Objections" or "Obj.").

**II.**

**DISCUSSION**

Although plaintiff objects to the Magistrate Judge's finding that no disputed issue of material fact exists, the "facts" to which plaintiff points are not material. For example, because it is

1  undisputed that plaintiff was not assigned to his position as "Second Watch Dorm Porter" until
2  weeks after plaintiff's UCC Hearing, any dispute concerning defendant's attendance at the Hearing
3  is not material.  Plaintiff's arguments concerning defendant's purported violations of prison
4  regulations (Obj. at 2-5) also fail to establish the existence of any disputed fact that is material to
5  plaintiff's federal civil rights claim.  Similarly, although plaintiff argues that the declarations
6  adduced by defendant contain "perjurious statements" and fabrications, he does not purport to rely
7  on such fabrications to object to any specific finding by the Magistrate Judge that a material fact
8  is undisputed.  (Obj. at 4).

9  Plaintiff's reliance on Alexander v. Perrill, 916 F.2d 1392 (9th Cir. 1990), is inapposite. (Id.).
10  In Alexander, the Ninth Circuit held that "prison officials who are under a duty to investigate claims
11  of computational errors in the calculation of prison sentences may be liable for their failure to do
12  so when a reasonable request is made." Alexander, 916 F.2d at 1398.  In that case, the inmate
13  provided documentary evidence that supported his claim that he was being unlawfully
14  incarcerated, yet prison officials failed to investigate his contention.  Here, in contrast, plaintiff
15  merely argues that defendant Blackmon should be held accountable because Blackmon was
16  aware of, and "chose to not acknowledge," plaintiff's requests for a change in his assigned job.
17  Plaintiff, however, acknowledges that the job change request forms did not contain an explanation
18  that his assigned job was causing plaintiff pain and suffering.  (Obj. at 1-2).  As set forth in the
19  Final R&R, plaintiff has failed to adduce any evidence that Blackmon was subjectively aware that
20  the position of "Second Watch Dorm Porter" caused plaintiff undue pain or that Blackmon ever
21  compelled plaintiff to perform any tasks while plaintiff was assigned to this position.

22  Accordingly, after full consideration of the arguments and allegations in plaintiff's
23  Objections, the Court concludes that nothing in plaintiff's Objections alters the conclusions
24  reached in the Final R&R.

25  /
26  /
27  /
28  /

## III.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, the other records on file herein, the Magistrate Judge's Final Report and Recommendation, and plaintiff's Objections to the Final Report and Recommendation. The Court has engaged in a de novo review of those portions of the Final Report and Recommendation to which objections have been made. The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Final Report and Recommendation is accepted.
2. Defendant's Motion for Summary Judgment is granted.
3. Judgment shall be entered consistent with this Order.
4. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: November 20, 2015

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE